IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MANUEL G. RIOS,                )
                               )
          Petitioner,          )
                               )
     v.                        )    1:11CV405
                               )
ROBERT LEWIS,                  )
                               )
          Respondent.          )

## MEMORANDUM OPINION AND ORDER

**Auld, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) On March 16, 2006, in the Superior Court of Guilford County, Petitioner pled guilty to trafficking more than 400 grams of cocaine by possession and conspiracy to traffic more than 400 grams of cocaine in cases 05 CRS 90722 and -23. (Id. §§ 1, 2, 4-6; Docket Entry 6, Ex. 2.) He received a consolidated sentence of 175 to 219 months of imprisonment. (Docket Entry 1, § 3; Docket Entry 6, Ex. 2.) North Carolina mandates that specific sentence for trafficking 400 grams or more of cocaine. N.C. Gen. Stat. § 90-95(h)(3)(c).

Petitioner gave notice of appeal, but the Appellate Defender, after reviewing the case, filed a motion to dismiss the appeal based on the fact that Petitioner had no right to an appeal. (Docket Entry 6, Ex. 3.) The motion was allowed and the appeal was dismissed on October 31, 2006. (Id.) On September 28, 2007, Petitioner filed a petition for certiorari with the North Carolina

Court of Appeals seeking reinstatement of the appeal or leave to withdraw his guilty plea. (Id., Ex. 4.) Petitioner's pursuit of his direct appeal ended with the denial of that petition. (Id., Ex. 6.)

Petitioner thereafter sought collateral relief in the state courts by filing, through counsel, a motion for appropriate relief on June 20, 2008. (Id., Ex. 7.) When it was denied, he filed for a writ of certiorari from the North Carolina Court of Appeals, which that court denied on July 17, 2009. (Id., Ex. 11.) Petitioner then filed nothing more until February 9, 2011, when he requested reconsideration of the order dismissing his appeal, which was denied. (Id., Ex. 12.) Finally, Petitioner filed a petition for certiorari seeking to challenge that denial. (Id., Ex. 13.) The North Carolina Court of Appeals denied that petition on May 11, 2011. (Id., Ex. 15.)

Petitioner then signed and dated his instant Petition as being mailed on May 15, 2011. (Docket Entry 1 at 14.)[1] This Court received the instant Petition on May 19, 2011. (Id. at 1.) Respondent moved for the dismissal of the instant Petition on statute of limitations grounds. (Docket Entry 5.) Petitioner responded (Docket Entry 8) and filed a "Motion to Compel the Respondent to Answer the Order Given by the Court June 1st, 2011," in which he seeks to compel Respondent to answer the merits of his Petition (Docket Entry 9), as well as a "Motion to Obtain an

---

[1] Page citations to this document refer to the page numbers in the CM/ECF footer, not the document's pre-printed internal pagination.

Evidentiary Hearing under Rule 8 Governing 2254 Cases" (Docket Entry 12). The parties have consented to proceed before a United States Magistrate Judge. (Docket Entry 13.)

## Petitioner's Claims

Petitioner claims that failure by the state to reveal the identity of a confidential informant violated his rights, that the Superior Court did not have jurisdiction to grant the dismissal of his appeal, and that his trial attorney provided ineffective assistance of counsel by failing to see that the trial court took the Eighth Amendment of the United States Constitution into account when sentencing Petitioner and by failing to preserve for appeal the denial of pretrial motions. (Docket Entry 1, § 12.)

## Discussion

Respondent requests dismissal on the ground that the Petition was filed[2] beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). In order to assess this argument, the Court

---

[2] "In [Houston v. Lack, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." Id. at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. Cf. United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); but see Smith v. Woodard, 57 Fed. Appx. 167, 167 n.* (4th Cir. 2003) (implying that Houston's rule governed filing date of § 2254 petition); Ostrander v. Angelone, 43 Fed. Appx. 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the Court declines to consider this matter further.

first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) <u>the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review</u>;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case. As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended.

Here, Petitioner filed a notice of appeal, but then withdrew it through counsel. The request to dismiss the appeal was granted on October 31, 2006. At that point, his appeal was no longer pending and his conviction became final. As a result, Petitioner's time to file a federal habeas action then began to run and ran until at least September 28, 2007, when he filed the petition for certiorari seeking to have his appeal reinstated. The State argues, and convincingly so, that the filing of that petition did not toll the running of the statute of limitations because it sought an "extraordinary writ" and therefore did not constitute part of the regular appeal process. (See Docket Entry 6 at 4.) If so, that filing could not toll the running of the limitations period. See Headen v. Beck, 367 F. Supp. 2d 929, 932 (M.D.N.C. 2005); Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 598-601 (M.D.N.C. 2004), appeal dismissed, 145 Fed. Appx. 444 (4th Cir. 2005). Accordingly, Petitioner's time to file in this Court expired on October 31, 2007, a year after the dismissal of his appeal.

Further, even if the Court concluded that Petitioner's request to reinstate his direct appeal tolled the running of the statute of limitations, his instant Petition would remain untimely because, by the time Petitioner filed the petition seeking reinstatement of his appeal, he had just over a month left out of his year to file in this Court. The petition for reinstatement of the appeal was denied on October 18, 2007. Petitioner's time to

file in this Court would have begun to run again on that date and would have expired in late November of 2007.

Petitioner did later seek collateral relief in the state courts by filing an motion for appropriate relief and other motions in the state courts. However, he did not file the motion for appropriate relief until June 20, 2008, more than a year and a half after his time to file in this Court had already expired. Petitioner's other state court filings came even later. Attempts at collateral relief in the state courts filed after the limitations period has run do not revive or restart the filing period. Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). In sum, the Petition in this case was filed well out of time.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Compel the Respondent to Answer the Order Given by the Court June 1st, 2011 (Docket Entry 9) and Petitioner's Motion to Obtain an Evidentiary Hearing under Rule 8 Governing 2254 Cases (Docket Entry 12) are denied, Respondent's Motion to Dismiss (Docket Entry 5) is granted, the Habeas Petition (Docket Entry 1) is dismissed, and Judgment is entered dismissing this action.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

**Date: October 4, 2012**

-6-

Case 1:11-cv-00405-LPA   Document 14   Filed 10/04/12   Page 6 of 6